# Exhibit C

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM AND OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We respectfully submit this Joint Declaration in support of the motion of Wayne County Employees' Retirement System ("Wayne County") and Oklahoma Law Enforcement Retirement System ("OLERS") for appointment as Lead Plaintiff and approval of the selection of Labaton Sucharow LLP ("Labaton Sucharow") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel for the class in the case captioned *Building Trades Pension Fund of Western Pennsylvania v. Insperity, Inc.*, No. 20-cv-05635 (S.D.N.Y.). We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation. We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution with which we are associated.

2.     I, Gerard Grysko, am Deputy Director of Wayne County and am authorized to make this Joint Declaration on its behalf. Since its inception in 1944, Wayne County has provided retirement and related benefits for thousands of Wayne County public employees. Wayne County has approximately $1.7 billion in assets under management, and serves nearly 10,000 active and retired members. As reflected in its certification, Wayne County purchased or otherwise acquired Insperity, Inc. ("Insperity") common stock during the asserted Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

3.      Wayne County is a sophisticated institutional investor that understands this case is governed by the PSLRA, and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff. Wayne County's familiarity and understanding in this regard are drawn, in part, from its prior successful experience serving as a representative party in securities class actions, including: *In re Willbros Group, Inc. Securities Litigation*, No. 14-cv-03084 (N.D. Tex.) (secured $10 million settlement while serving as lead plaintiff with another institutional investor); and *In re Cooper Companies, Inc. Securities Litigation*, No. 06-cv-00169 (C.D. Cal.) (secured a $27 million settlement while serving as lead plaintiff with other institutional investors).

4.      I, Duane Michael, am Executive Director of OLERS and am authorized to make this Joint Declaration on its behalf. OLERS administers retirement / survivor retirement and medical benefits for members of the law enforcement profession of the state of Oklahoma and their families. OLERS has approximately $1 billion in assets under management. As reflected in its certification, OLERS purchased or otherwise acquired Insperity, Inc. ("Insperity") common stock during the asserted Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

5.      OLERS is a sophisticated institutional investor that understands this case is governed by the PSLRA, and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff. OLERS' familiarity and understanding in this regard are drawn, in part, from its prior successful experience serving as a representative party in securities class actions, including: *Northumberland County Retirement System v. GMX Resources Inc.*, No. 11-cv-00520 (W.D. Okla.) (secured a $2.7 million settlement while serving as lead plaintiff with another institutional

2

investor); *Ross v. Career Education Corp.*, No. 12-cv-00276 (N.D. Ill.) (secured a $27.5 million settlement as while serving as lead plaintiff with another institutional investor); and *Santore v. Ixia*, No. 13-cv-08440 (C.D. Cal.) (secured a $3.5 million settlement while serving as lead plaintiff with another institutional investor).

6.      Wayne County and OLERS are strongly motivated to recover the significant losses that we and the class suffered as a result of defendants' violations of the federal securities laws. Wayne County and OLERS' principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties. We believe that the prosecution of this case should be entrusted to experienced institutional investors that have a significant financial interest in the claims against defendants and are committed to ensuring the litigation is litigated as zealously and efficiently as possible, in accordance with their duties under the PSLRA.

7.      Wayne County and OLERS each determined that they could maximize the class's recovery by pooling their respective resources and experience by jointly seeking appointment as Lead Plaintiff. After reviewing the allegations pleaded in the complaint, and consulting with their respective counsel, Wayne County and OLERS each independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

8.      In exploring their potential leadership of this case, Wayne County and OLERS expressed an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment. Further, based on their experience serving as lead plaintiff in securities class actions alongside other institutional investors, Wayne County and OLERS

3

believe that their partnership would allow for their sharing of experiences and resources and would add substantial value to the prosecution of the Insperity litigation and benefit the class.

9.      For these reasons, and after additional diligence, Wayne County and OLERS each independently determined that our funds could best achieve our shared goals of securing the maximum potential recovery for Insperity investors by seeking joint appointment as Lead Plaintiff, and that our partnership would ensure the class was represented by highly-qualified counsel.

10.      As part of an effort to formalize our leadership over this litigation, and to begin discussing our strategy for prosecuting this litigation as Lead Plaintiff, on September 21, 2020, representatives of Wayne County and OLERS participated in a conference call in which we discussed our respective funds' losses arising from defendants' misconduct, the claims against the various defendants, and the procedures and protocols we would follow in jointly prosecuting the case. During this call, Wayne County and OLERS also discussed: the benefits the class would receive from the leadership of committed institutions with a history of service under the PSLRA; our desire to maximize the recovery for the class; our interests in prosecuting the case in a collaborative fashion; the measures we would employ to ensure that representatives of Wayne County and OLERS could discuss the prosecution of this matter either with or without counsel; and ensuring that investors' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Labaton Sucharow and Cohen Milstein.

11.      Wayne County and OLERS agree that our collective resources, combined experience leading securities class actions with other institutional investors, and our ability to engage in joint decision-making, will materially benefit and advance the interests of the class in this case. Through our discussions, we determined that Wayne County and OLERS were like-

minded, sophisticated institutional investors that each had a substantial financial stake in this litigation and share a commitment to maximizing investors' recovery.

12.     We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner.  We intend to prosecute this litigation in such an independent and vigorous manner.

13.     Moreover, both Wayne County and OLERS are highly motivated to recover our funds' respective substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation.  To this end, we have discussed with each other the importance of joint decision-making, open communication and the ability to confer, with or without counsel, via telephone and email on short notice to ensure that we are able to make timely decisions. Among other things, Wayne County and OLERS each have dedicated and experienced personnel who will oversee this matter and are available to confer via telephone and email to ensure that the funds are able to make timely decisions.

14.     In addition to discussing our goals for the litigation, Wayne County and OLERS recognized the importance of selecting qualified law firms to prosecute the litigation, and that they do so in a cost-effective manner.  With respect to our selected counsel, we believe that the class will benefit from having law firms experienced in jointly litigating securities class actions and successfully serving as Lead Counsel.  We are personally familiar with the experience, resources, and successes of our proposed Lead Counsel, Labaton Sucharow and Cohen Milstein, and are aware that they are both accomplished law firms with a history of achieving significant recoveries in securities class action as lead counsel.

15.     Through our oversight of our proposed Lead Counsel, we are confident that Labaton Sucharow and Cohen Milstein will prosecute this litigation in a zealous and efficient manner. To further ensure that this litigation will be prosecuted efficiently and without duplicative effort, prior to seeking appointment as Lead Plaintiff, we instructed Labaton Sucharow and Cohen Milstein to enter into a Joint Prosecution Agreement to govern counsels' activities in this litigation. We have further instructed Labaton Sucharow and Cohen Milstein to provide the Joint Prosecution Agreement to the Court for *in camera* review should the Court deem such a review helpful. Consistent with the Joint Prosecution Agreement, as part of our oversight of counsel, and to ensure there is no duplication of effort, we have instructed our proposed Lead Counsel to keep contemporaneous time records to be provided to us upon request.

16.     In addition, both Wayne County and OLERS understand the Lead Plaintiff's responsibility to ensure that any request for attorneys' fees sought by counsel are appropriate. We have taken that obligation seriously, and believe the limit on fees set forth in our respective retainer agreements with counsel properly align the interests of counsel with those of the class and are consistent with previous attorneys' fees awarded by courts in this District in cases asserting claims under the federal securities laws. We also understand that the amount of attorneys' fees awarded to counsel in this case, if any, will be set by the Court. Ultimately, we believe the experience and success of Labaton Sucharow and Cohen Milstein in prosecuting securities class actions, combined with our oversight of these firms, will ensure that the class receives the best possible representation in this case.

17.     Finally, Wayne County and OLERS, based on our shared status as public retirement systems, as well as our mutual goal of maximizing recovery for the entirety of the class, do not anticipate that any material disagreements will arise if appointed as Lead Plaintiff.

6

Further, Wayne County and OLERS are firmly committed in good faith to reach consensus with respect to all litigation decisions, and to that end will consult with Lead Counsel as we deem necessary to fulfill our fiduciary obligations to the class if appointed as Lead Plaintiff. In the unlikely event that a disagreement does arise during the course of the litigation which Wayne County and OLERS are unable to resolve through thoughtful and extensive deliberation, Wayne County and OLERS have agreed to allow the institution with the larger financial interest to cast the tie-breaking vote.

18.    Accordingly, Wayne County and OLERS hereby reaffirm our obligation to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with each other and with our counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Wayne County and OLERS will ensure that the Insperity securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Wayne County are true to the best of my knowledge. Executed this 21st day of September, 2020.


Gerard Grysko
Deputy Director
*Wayne County Employees' Retirement System*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to OLERS are true to the best of my knowledge.  Executed this __21st__ day of September, 2020.


Duane Michael
Executive Director
*Oklahoma Law Enforcement Retirement System*