UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| BUILDING TRADES PENSION FUND OF WESTERN PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-05635-NRB |
| | : | CLASS ACTION |
| Plaintiff, | : : | MEMORANDUM OF LAW IN SUPPORT |
| | : | OF OAKLAND COUNTY FUNDS' |
| vs. | : | MOTION FOR APPOINTMENT AS LEAD |
| | : | PLAINTIFF AND APPROVAL OF LEAD |
| INSPERITY, INC., PAUL J. SARVADI and DOUGLAS S. SHARP, | : : | PLAINTIFF'S SELECTION OF LEAD COUNSEL |
| | : | |
| Defendants. | : : | |
| | x | |

4837-2615-0348.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   SUMMARY OF THE ACTION......................................................................................2

III.  ARGUMENT...........................................................................................................3

    A.    The Oakland County Funds Should Be Appointed Lead Plaintiff ..........................3

        1.    The Oakland County Funds' Motion Is Timely...........................................4

        2.    The Oakland County Funds Possess the Largest Financial Interest ............4

        3.    The Oakland County Funds Otherwise Satisfy Rule 23 .............................5

    B.    The Oakland County Funds' Selection of Counsel Should Be Approved...............6

IV.   CONCLUSION.........................................................................................................9

4837-2615-0348.v1

## I.    INTRODUCTION

Presently pending before this Court is a securities class action brought on behalf of purchasers of Insperity, Inc. ("Insperity" or the "Company") securities between February 11, 2019 and February 11, 2020 (the "Class Period"), against the Company and two of its senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act"). Class members and proposed lead plaintiff Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association Trust ("Oakland County Funds") respectfully submit this memorandum of law in support of their motion for an order appointing the Oakland County Funds as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, and approving their selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the proposed class.

The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Oakland County Funds are the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Oakland County Funds are experienced and sophisticated institutional investors with ample resources and the capability to oversee complex litigation. In addition to timely filing their motion, the Oakland County Funds have a significant financial interest – an interest believed to be greater than that of any other plaintiff. And, the Oakland County Funds meet the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of those of absent class members and the Oakland County Funds will also fairly and adequately represent the interests of the proposed class. The Oakland County Funds have also selected Robbins Geller to serve as lead counsel for the putative class in the event their motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Oakland

- 1 -

4837-2615-0348.v1

County Funds' chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving the Oakland County Funds' choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.B, *infra*.

Accordingly, the Oakland County Funds' motion should be granted.

## II.    SUMMARY OF THE ACTION

Insperity provides human resource services and employee benefits to small and medium-sized business customers, including group health insurance plans.  A majority of these plans are provided by UnitedHealthcare Insurance Company.  The Company's shares trade on the New York Stock Exchange under the ticker symbol NSP.

The complaint alleges that during the Class Period, defendants made materially false and misleading statements and/or failed to disclose adverse information regarding Insperity's business and prospects, including that: (a) Insperity had failed to negotiate appropriate rates with its customers for employee benefit plans and did not adequately disclose the risk of large medical claims from these plans; (b) Insperity was experiencing an adverse trend of large medical claims; and (c) as a mitigating measure, Insperity would be forced to increase the cost of its employee benefit plans, causing stunted customer growth and reduced customer retention.

On July 29, 2019, Insperity announced disappointing third quarter 2019 guidance and reduced its guidance for the full year.  Insperity also revealed that in the second quarter of 2019 it had experienced an increase in large medical claim costs, which defendants described as an anomaly that would not impact projected cost benefit trends.  On this news, the price of Insperity stock declined by approximately 25% on unusually high volume, causing substantial harm to investors.

4837-2615-0348.v1

On November 4, 2019, Insperity released its third quarter 2019 financial results, which substantially missed analysts' estimates and were materially down year-over-year. In addition, Insperity materially reduced its full-year 2019 guidance. Insperity attributed the disappointing results to continued large medical claim costs, which defendants again attempted to describe as a mere anomaly to assuage investor concern. On this news, the price of Insperity stock declined by approximately 35% on unusually high volume, causing substantial harm to investors.

Then, on February 11, 2020, Insperity revealed that large medical claims had again impacted the Company by increasing operational costs by 4% from the prior year. Insperity further revealed that it had restructured its contract with UnitedHealthcare so that it no longer had financial responsibility for any medical claims over $1 million. In addition, Insperity offered disappointingly bearish guidance for the 2020 first quarter and full year. On this news, the price of Insperity stock declined by approximately 20%, on unusually high volume, causing substantial harm to investors.

As a result of defendants' alleged violations of the securities laws, and the precipitous decline in the market value of the Company's securities, the Oakland County Funds and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Oakland County Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

- 3 -

4837-2615-0348.v1

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Oakland County Funds meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Oakland County Funds' Motion Is Timely

On July 21, 2020, notice of the complaint was published on *Business Wire* and advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by no later than September 21, 2020.  *See* Declaration of David A. Rosenfeld in Support of Oakland County Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Thus, the Oakland County Funds filed within the applicable deadline and their motion should be considered for lead plaintiff appointment.

### 2. The Oakland County Funds Possess the Largest Financial Interest

During the Class Period, the Oakland County Funds purchased 22,651 shares of Insperity common stock and suffered more than $853,000 in losses due to defendants' alleged misconduct.[1] *See* Rosenfeld Decl., Ex. B.  To the best of their counsel's knowledge, no other plaintiff claims a larger financial interest than the Oakland County Funds.[2]  Therefore, the Oakland County Funds satisfy the PSLRA's "largest financial interest" requirement.

---

[1]    The Oakland County Funds' losses are the same under both the "last in, first out" and "first in, first out" loss calculation methodologies.

[2]    The Automotive Industries Pension Trust Fund and Michigan Carpenters' Pension Fund, which each possess a smaller financial interest in the relief sought by the class than the Oakland

- 4 -

4837-2615-0348.v1

### 3.   The Oakland County Funds Otherwise Satisfy Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At this stage in the litigation, only a preliminary showing of typicality and adequacy is required." *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *2 (S.D.N.Y. Oct. 4, 2017) (Buchwald, J.).

"The typicality threshold is satisfied where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise." *Id.* The Oakland County Funds satisfy this requirement because, just like all other class members, they: (1) purchased Insperity securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 "is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* at *3. Here, the Oakland County Funds are adequate representatives of the class because their interests are aligned with the putative class and there is no evidence of any antagonism between the Oakland County Funds' interests and the class's interests. The Oakland County Funds have retained competent and experienced counsel to prosecute these claims. Finally, the Oakland County Funds' substantial loss provides the requisite interest to ensure vigorous advocacy.

---

County Funds join in the Oakland County Funds' lead plaintiff motion. *See generally Xianglin Shi v. SINA Corp.*, 2005 WL 1561438 (S.D.N.Y. July 1, 2005); *see also* Rosenfeld Decl., Exs. C-D.

The Oakland County Funds provide retirement, health, disability, and death benefits to plan members and their respective beneficiaries.  The Oakland County Funds are administered by the Oakland County Retirement and Deferred Compensation Board.[3]  Not only are the Oakland County Funds experienced fiduciaries, they are also experienced serving as lead plaintiff in PSLRA cases. *See, e.g.*, Rosenfeld Decl., Ex. B.  Indeed, the Oakland County Funds are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").  Thus, the Oakland County Funds satisfy the adequacy requirements of Rule 23(a)(4).

Accordingly, the Oakland County Funds have made a *prima facie* showing that they satisfy the typicality and adequacy requirements for the purposes of this motion.

## B.    The Oakland County Funds' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Indeed, the "PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel

---

[3]    The Oakland County Retirement and Deferred Compensation Board's website, https://www.oakgov.com/hr/retirement/Pages/Retirement-Board.aspx, contains additional information about the Oakland County Funds' governance, history, and policies.

4837-2615-0348.v1

selection and counsel retention.'" *Barrick Gold*, 2017 WL 4862779, at *3 (citation omitted).  Here, the Oakland County Funds have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues.[4] Courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 1:16-cv-01445-NRB, ECF No. 46 at 8 (S.D.N.Y. June 14, 2016) (approving institution's selection of Robbins Geller as lead counsel in case in which $50 million recovery was obtained and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case");  *In re Intercept Pharm., Inc. Sec. Litig.*, No. 1:14-cv-01123-NRB, ECF No. 18 (S.D.N.Y. May 16, 2014) (Robbins Geller appointed as lead counsel in case in which investors recovered what is believed to be the largest per-class-period-day settlement in the history of securities litigation); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the

---

[4]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4837-2615-0348.v1

arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Notably, in the first half of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

---

[5]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*,

- 8 -

Thus, the Court can be assured that by approving the Oakland County Funds' choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.     CONCLUSION

The Oakland County Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Oakland County Funds respectfully request that the Court grant their motion.

DATED:  September 21, 2020                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

---

No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

4837-2615-0348.v1

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
AARON L. CASTLE
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
acastle@vmtlaw.com

WATKINS, PAWLICK, CALATI & PRIFTI, PC
DEREK L. WATKINS
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
248/658-0801 (fax)
dwatkins@wpcplaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 21, 2020, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4837-2615-0348.v1

# Mailing Information for a Case 1:20-cv-05635-NRB Building Trades Pension Fund of Western Pennsylvania v. Insperity, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)