UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| BUILDING TRADES PENSION FUND OF WESTERN PENNSYLVANIA, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-05635-NRB |
| | : | CLASS ACTION |
| Plaintiff, | : : | THE OAKLAND COUNTY FUNDS' |
| | : | OPPOSITION TO COMPETING MOTION |
| vs. | : | FOR APPOINTMENT AS LEAD |
| | : | PLAINTIFF |
| INSPERITY, INC., PAUL J. SARVADI and DOUGLAS S. SHARP, | : : : | |
| | : | |
| Defendants. | : : | |
| | x | |

Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association Trust ("Oakland County Funds") respectfully submit this memorandum in further support of their motion for appointment as lead plaintiff (ECF No. 14), and in opposition to the competing motion for appointment as lead plaintiff.  ECF No. 9.

## I.   INTRODUCTION AND BACKGROUND

Two motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) the Oakland County Funds; and (2) Wayne County Employees' Retirement System and Oklahoma Law Enforcement Retirement System ("Wayne County and OLERS").

Based on information contained in the submissions by the lead plaintiff movants, the Oakland County Funds are the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Oakland County Funds' losses under the last-in, first-out ("LIFO") methodology of over $853,893.23 is more than double the losses claimed by either Wayne County ($412,463.71) or OLERS ($373,637.19), and is more than their combined losses ($786,100.90).  The Oakland County Funds also otherwise meet the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, because Wayne County and OLERS lack the largest financial interest and cannot prove that the Oakland County Funds are typical or inadequate, Wayne County and OLERS' motion should be denied.

## II.   ARGUMENT

### A.   Wayne County and OLERS Cannot Trigger the PSLRA Lead Plaintiff Presumption

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who "otherwise

- 1 -

satisfies the requirements of Rule 23." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this District, while courts can consider four factors (shares purchased, net shares purchased, net funds expended, and loss) to determine the largest financial interest, this Court and others "place the most emphasis on the last of the four factors: the approximate loss suffered by the movant." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (Buchwald, J.). In fact, in their opening motion, Wayne County and OLERS recognized that LIFO loss alone is outcome determinative. *See* ECF No. 11 at 7; *see also City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (Buchwald, J.) ("[C]onsistent with the majority of courts in this district, we find that LIFO is the most accurate measure of actual losses suffered by stockholders in that it takes into account any gains accrued from sales during the class period . . . ."). There can be no legitimate dispute, then, that the Oakland County Funds possess the "largest financial interest" in this litigation, regardless of the weight placed on each of the factors:

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | APPROXIMATE LOSS SUFFERED |
|---|---|---|---|---|
| **Oakland County Funds** | **22,651** | **18,951** | **$1,797,231.22** | **$853,893.23** |
| Wayne County and OLERS | 15,722 | 14,873 | $1,526,943.66 | $786,100.90 |
| Wayne County | 9,200 | 9,200 | $870,417.34 | $412,463.71 |
| OLERS | 6,522 | 5,673 | $656,526.32 | $373,637.19 |

Because Wayne County and OLERS lack the largest financial interest under any metric, alone or combined, the Court's inquiry must focus on determining whether the Oakland County Funds "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there is no question that the Oakland County Funds satisfy this requirement. *See* ECF No. 15 at 5-9.

Cases\4827-7511-5213.v1-10/5/20

As sophisticated sister funds managed by the same nine voting members of the Retirement and Deferred Compensation Board, the Oakland County Funds are precisely the type of litigants whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See City of Monroe Emps.' Ret. Sys.*, 269 F.R.D. at 294 ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."). Because the Oakland County Funds clearly have the largest financial interest and satisfy Rule 23's requirements, they are the presumptively the "most adequate plaintiff."

> **B.     The Presumption that the Oakland County Funds Are the "Most Adequate Plaintiff" Cannot Be Rebutted**

The presumptive lead plaintiff, in this case the Oakland County Funds, must be appointed unless it is ***proven*** that they will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32. Wayne County and OLERS cannot do so here.

Consequently, because the PSLRA's presumption cannot be rebutted with the requisite proof, the Oakland County Funds' motion for appointment as lead plaintiff and approval of selection of counsel should be granted. Conversely, Wayne County and OLERS' motion should be denied.

## III.    CONCLUSION

Wayne County and OLERS lack the largest financial interest in the relief sought by the class and cannot prove that the Oakland County Funds are atypical or inadequate. As such, the Oakland County Funds respectfully request that this Court enter an order: (1) denying Wayne County and

Cases\4827-7511-5213.v1-10/5/20

OLERS' motion for appointment as lead plaintiff; and (2) granting the Oakland County Funds'

motion for appointment as Lead Plaintiff and approving their selection of Lead Counsel.

DATED:  October 5, 2020

Respectfully Submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
AARON L. CASTLE
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
acastle@vmtlaw.com

- 4 -

WATKINS, PAWLICK, CALATI & PRIFTI, PC
DEREK L. WATKINS
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
248/658-0801 (fax)
dwatkins@wpcplaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2020, I caused to be served the foregoing document upon all counsel of record through filing of these materials with the Court's Case Management and Electronic Case Filing System.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

- 6 -

## Mailing Information for a Case 1:20-cv-05635-NRB Building Trades Pension Fund of Western Pennsylvania v. Insperity, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amy P. Hefley**
  amy.hefley@bakerbotts.com

- **Brian C. Kerr**
  brian.kerr@bakerbotts.com,john.mitchell@bakerbotts.com,brian-kerr-3602@ecf.pacerpro.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **David D. Sterling**
  david.sterling@bakerbotts.com,john.mitchell@bakerbotts.com,leslie.buenzow@bakerbotts.com,leigh-ann-bunker-8737@ecf.pacerpro.com,leigh.ann.bunker@bakerbotts.com,leslie-buenzow-9672@ecf.pacerpro.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)