**BAKER BOTTS** LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL  +1 713.229.1234
FAX +1 713.229.1522
BakerBotts.com

AUSTIN          LONDON
BEIJING         MOSCOW
BRUSSELS        NEW YORK
DALLAS          PALO ALTO
DUBAI           RIYADH
HONG KONG       SAN FRANCISCO
**HOUSTON**     WASHINGTON

April 26, 2021

**VIA ECF**

David D. Sterling
TEL:  713.229.1946
FAX: 713.229.7946
david.sterling@bakerbotts.com

The Honorable Naomi Reice Buchwald
U.S. District Judge – Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Building Trades Pension Fund of W. Pa. v. Insperity, Inc., et al.*;
> No. 1:20-cv-05635-NRB

Dear Judge Buchwald:

We write on behalf of Defendants Insperity, Inc. ("Insperity"), Paul J. Sarvadi and Douglas S. Sharp (collectively, "Defendants") under Paragraph 2(E)(1) of Your Honor's Individual Practices to outline the substantive arguments set forth in Defendants' accompanying Motion to Dismiss.

***Background.*** Insperity allows businesses to effectively outsource various human resource functions to Insperity, including employee health benefits. Following a successful 2018, Insperity provided earnings guidance predicting growth for FY 2019. But because Insperity failed to foresee what an analyst later described as a historical "anomaly" in 2019 healthcare claims, Insperity, as companies often do, missed its guidance, and its stock price declined when it announced that its quarterly profits were less than projected. Plaintiff's Corrected Amended Complaint ("CAC") alleges that Defendants committed securities fraud by issuing, revising, and explaining FY 2019 projections that did not come to fruition.

The Court should dismiss the CAC because it fails to plead (1) any actionable false or misleading statement and (2) any facts supporting even a *slight* inference of scienter, much less the "strong" inference required by the Private Securities Litigation Reform Act ("PSLRA"). In fact, not only does the CAC lack the traditional scienter allegations of supposedly suspicious stock sales by insiders and allegations attributed to "confidential witnesses"—the CAC nowhere even mentions the word "scienter" at all.

The Court need not give Plaintiff another chance to replead, both because the CAC's defects are unsalvageable and because Plaintiff already has amended once and thereafter declined the Court's invitation to try to address the defects by repleading. *See* Dkt. 40, Feb. 26, 2021 Order (granting Plaintiff leave to file an amended complaint and instructing: "Plaintiffs are reminded that if, consistent with Rule 11, they can assert additional allegations to cure any alleged deficiencies raised by defendants' letter, it would be in the best interest of both the parties and the Court for plaintiffs to assert them now, before briefing on the proposed motion."); *In re Skechers USA, Inc. Sec. Litig.*, 444 F. Supp. 3d 498, 530 n.19 (S.D.N.Y. 2020) (Buchwald, J.) (dismissing complaint with prejudice and noting that "a pre-motion letter exchange preceded the briefing on the motion to dismiss," among other steps in the case, and "[a]t no time have plaintiffs proffered the content of any proposed amendment or given any clue as to how the complaint's defects would be cured") (internal quotation marks omitted).

**BAKER BOTTS** LLP

The Honorable Naomi Reice Buchwald            - 2 -                          April 26, 2021

*No Actionable False or Misleading Statement.* The CAC fails to plead an actionable false or misleading statement for four reasons: (1) the CAC fails to plead falsity with particularity for many of the challenged statements; (2) the CAC challenges forward-looking statements that are protected by the PSLRA's safe harbor; (3) the CAC challenges numerous opinion statements but fails to satisfy the Supreme Court's *Omnicare* test; and (4) the CAC challenges statements that are classic corporate puffery.

First, the CAC fails to plead falsity with particularity because the CAC either blatantly mischaracterizes what Defendants said or fails to allege any falsity whatsoever. Among the statements that the CAC mischaracterizes, omits the context for, or fails to plead falsity as to are statements relating to access to healthcare claims data, retention of sales staff known as "Business Performance Advisors," mid-market sales in early 2019, pricing strategy, and an amendment to Insperity's UnitedHealthcare plan.

Second, the CAC challenges statements that fall within the PSLRA's safe harbor because they were indisputably forward looking, and each forward-looking statement was accompanied by meaningful cautionary language addressing the very risks that the CAC alleges materialized. Moreover, neither exception to the safe harbor applies: the CAC fails to allege with particularity that Defendants had "actual knowledge" that any of these statements were false when made, nor does the CAC allege these statements misrepresented current facts.

Third, the CAC challenges statements of opinion but fails to plead any of the three ways by which a statement of opinion can be false or misleading under the test established in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175, 185–86, 194 (2015). The CAC makes zero effort to plead that Defendants subjectively disbelieved their opinions; the CAC cannot identify a false predicate fact or embedded input supplied by Defendants; and the CAC fails to allege that Defendants omitted any facts whose absence rendered their predictions actionably false.

Fourth, the CAC challenges numerous statements that are non-actionable "statements containing simple economic projections, expressions of optimism, and other puffery." *Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000); *see, e.g.*, CAC ¶ 60 ("we … *are well positioned to continue our strong financial performance*"); ¶ 64 ("*we can confirm we are in excellent shape for the starting point for 2019*"); ¶ 86 ("*[t]his demonstrates our success in hiring and training new Business Performance Advisors, which is the key driver for future growth*").

*No Strong Inference of Scienter.* The CAC fails to plead "with particularity facts giving rise to a *strong* inference that the defendant acted with the required state of mind," as the PSLRA requires. 15 U.S.C. § 78u-4(b)(2) (emphasis added). "The requisite scienter can be established by alleging facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA & Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

The CAC all but concedes a lack of "motive and opportunity," merely making the unadorned allegation that Sarvadi and Sharp sold some stock during the class period. CAC ¶¶ 50–51. "[T]he mere fact that insider stock sales occurred," however, "does not suffice to establish scienter. Rather, plaintiffs must establish that the sales at issue were 'unusual' or suspicious." *E.g.*, *Skechers*, 444 F. Supp. 3d at 523. The CAC does not even attempt to show the sales at issue were unusual or

**BAKER BOTTS** LLP

The Honorable Naomi Reice Buchwald          - 3 -                              April 26, 2021

suspicious. Furthermore, Insperity's repurchase of stock during the height of the purported fraud negates scienter because it is economically irrational for a company to repurchase its own stock at artificially inflated prices. *E.g.*, *Turner v. MagicJack VocalTec, Ltd.*, 2014 WL 406917, at *11 (S.D.N.Y. Feb. 3, 2014).

Because the CAC "cannot make the 'motive' showing," "the strength of the circumstantial allegations" of conscious misbehavior or recklessness "must be correspondingly greater." *ECA*, 553 F.3d at 198–99. But the CAC's allegations of "conscious misbehavior or recklessness" are nonexistent. The CAC cites nothing—no confidential witnesses, no reports, nothing—suggesting that Defendants had specific information contradicting their public statements. Indeed, the CAC does not allege *any contradictory information at all* that would help identify "exactly what contemporaneous data Defendants had, even to be able to suggest such knowledge." *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 273 (S.D.N.Y. 2009).

Unable to identify any specific contradictory information to which Defendants had access, the CAC suggests that Sarvadi "admitted" Defendants had some sort of contrary knowledge at the time of the challenged statements. CAC ¶¶ 25–26, 101. But as the statements themselves make readily apparent, they are not "admissions" of contemporaneous knowledge, but rather retrospective analysis of Insperity's forecasts and the reasons for its slower-than-expected growth—statements that do not create past scienter.

The CAC's scienter theory boils down to the bare fact that Insperity's performance fell short of guidance. The Court can reject that attempt at pleading "fraud by hindsight." To qualify as a "strong inference," the inference of scienter must be "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Here, the nonculpable inference that Insperity, as companies often do, simply missed its guidance is far more compelling than the baseless inference that Insperity committed fraud for no apparent reason. And because the CAC has not pleaded a primary violation of the securities laws, the Court must also dismiss the Section 20(a) claim against Sarvadi and Sharp.

For these reasons, which are set forth more fully in Defendants' accompanying motion, Defendants respectfully request that this Court dismiss the CAC with prejudice.

Respectfully submitted,

David D. Sterling
BAKER BOTTS L.L.P.